UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENDALL HARLSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:23-cv-01965-TWP-MKK |
| | ) |
| THE GOVERNMENT EMPLOYEES | ) |
| INSURANCE COMPANY (GEICO), | ) |
| | ) |
| Defendant. | ) |

**ENTRY SCREENING SECOND AMENDED COMPLAINT,
ORDER DENYING MOTION TO SEAL, AND ORDER TO SHOW CAUSE**

This matter is before the Court for screening of *pro se* Plaintiff Kendall Harlson's ("Harlson") Amended Complaint and his Motion to Seal Amended Complaint (Dkt. 8). In its Entry of November 27, 2023, the Court granted Harlson's motion to proceed *in forma pauperis*, screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and explained that it is subject to dismissal for failing to state a claim upon which relief may be granted (Dkt. 5). The Court gave Harlson an opportunity to file an amended complaint by no later than December 22, 2023, and to show cause why this case should not be dismissed for failing to state a claim. *Id.* On December 22, 2023, Harlson filed an Amended Complaint (Dkt. 6). Then, on December 27, 2023, without leave of Court, Harlson filed a Second Amended Complaint (Dkt. 7) and a motion to seal his first and second amended complaints ("Motion to Seal") (Dkt. 8). Even though he filed his Second Amended Complaint after the December 22, 2023, deadline to amend and without leave, the Court will consider the Second Amended Complaint to be the operative pleading and screen it. For the reasons explained below, the Motion to Seal is **denied**.

A.   **Motion to Seal**

Harlson asks that his first Amended Complaint be stricken from the record,[1] and that his first Amended Complaint and Second Amended Complaint be sealed (Dkt. 8). Motions to file under seal are governed by Local Rule 5-11, which requires that the motion be accompanied by a brief in support including:

(1)   identification of each specific document or portion(s) thereof that the party contends should remain under seal;

(2)   the reasons demonstrating good cause to maintain the document, or portion(s) thereof, under seal including:

(A)   why less restrictive alternatives to sealing, such as redaction, will not afford adequate protection;

(B)   how the document satisfies applicable authority to maintain it under seal; and

(C)   why the document should be kept sealed from the public despite its relevance or materiality to resolution of the matter;

(3)   a statement as to whether maintenance of the document under seal is opposed by any party; and

(4)   a proposed order as an attachment.

Harlson did not submit such a brief. Instead, in his Motion to Seal, he states:

Information regarding the Person, Business, Income, or Related Information, not to be Disclosed in Public Forum and/or that May Cause Conflict of Interest or Violate Non-Disclosure Contracts, not Privy to this Court or any Whom may Access such Information.

(Dkt. 8).

Harlson has not identified any proper grounds for maintaining his complaints (or any specific information in those complaints) under seal. It is not enough that Harlson prefers to keep

---

[1] Harlson appears to request that the first Amended Complaint be stricken from the record to prevent public disclosure of information contained in it. Harlson's request, in substance, is a request to seal the first Amended Complaint, so the Court will construe it as such.

his personal, business, and financial information private. "What happens in the federal courts is presumptively open to public scrutiny. Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification. The Supreme Court issues public opinions in all cases, even those said to involve state secrets." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *overruled in part on other grounds by RTP LLC v. Orix Real Estate Capital, Inc.*, 827 F.3d 689, 692 (7th Cir. 2016).

Harlson has not identified good cause for maintaining the information in his first Amended Complaint or Second Amended Complaint under seal, so his Motion to Seal (Dkt. 8) is **denied**.

**B.    Screening**

The Seventh Circuit has explained,

> [D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the Harlson pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

C. **The Second Amended Complaint**

Harlson's Second Amended Complaint begins with the same factual allegations as his original Complaint—namely, that he purchased insurance from GEICO, that he submitted a claim, and that GEICO denied the claim ([Dkt. 7 at 2](Dkt. 7 at 2)). The next five pages of allegations are less comprehensible. The Court discerns three general assertions from those new allegations: (1) that GEICO operates in all states and may therefore be sued in federal court; (2) that GEICO violated Harlson's Fourteenth Amendment right to due process; and (3) that Harlson has suffered a variety of damages because of GEICO's denial of his claim.

D. **Dismissal of the Second Amended Complaint**

Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. Cnty. of Cook*, 167 F.3d 381, 387 (7th Cir. 1999); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is

4

lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citations and quotation marks omitted). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support").

Based on the allegations of the Second Amended Complaint, this Court does not have jurisdiction to adjudicate Harlson's claims. Harlson does not adequately plead GEICO's citizenship to establish diversity jurisdiction over his state law claims for breach of contract and bad faith, and he does not adequately plead any federal claim over which the Court could exercise federal question jurisdiction.

The Court will first discuss Harlson's new allegations about GEICO's citizenship. Second, the Court will address Harlson's new claim for violations of his Fourteenth Amendment right to

due process. And last, the Court will briefly discuss Harlson's new allegations of additional damages. For the reasons explained below, none of the new allegations in Harlson's Second Amended Complaint establish this Court's subject-matter jurisdiction.

1. **GEICO's Citizenship**

In its Entry of November 27, 2023, the Court explained that Harlson's original Complaint appeared to allege that both he and GEICO were citizens of the state of Indiana, which would preclude diversity jurisdiction (Dkt. 5 at 4–5 (stating that Plaintiff checked boxes indicating that GEICO is incorporated in and/or has its principal place of business in Indiana)). Harlson's Second Amended Complaint attempts to redress this deficiency. It alleges:

> GEICO Operating Business Headquartered in Chevy Chase Maryland, with Offices in 18 Major Cities in the United States, with more than 38,000 Employees. Operating without State Borders in All 50 US States. . . . GEICO would either then be Considered a Federally or Nationally Addressed Entity or be Undefined by Assignment or Location. GEICO in Effect Large Enough to be Considered 'Their Own State.'

(Dkt. 7 at 3). In sum, Harlson alleges that GEICO is headquartered in Maryland, but because its operations are so widespread, GEICO cannot be considered a citizen of any one state in particular, and Harlson should be permitted to sue GEICO in federal court.

GEICO's operations are undoubtedly far-reaching. However, more specific information about a corporate defendant is required to plead citizenship and establish diversity jurisdiction. A corporation is a "citizen" of the state in which it is incorporated *and* the state in which it has its principal place of business. *Westfield Ins. Co. v. Kuhns*, No. 11-cv-00706, 2011 WL 6003124, at *3 (S.D. Ind. Nov. 30, 2011). To establish that GEICO is "diverse" from Harlson—*i.e.*, that it is a "citizen" of a state other than Indiana—Harlson must identify the state in which GEICO is incorporated and the state in which GEICO has its principal place of business.

Additionally, Harlson must specifically identify the GEICO entity he is suing. The Maryland Secretary of State's website[2] indicates that several GEICO entities exist, any of which Harlson could be attempting to sue, including: GEICO Corporation; GEICO Annuity and Insurance Company; GEICO Casualty Company; and GEICO Casualty Insurance Company, among others. The Court cannot know which of these entities Harlson means to name as Defendant, and because the states of incorporation and principal places of business vary for each of the above GEICO entities, the Court cannot know what the Defendant's citizenship is.

To adequately plead diversity of citizenship, Harlson must identify which corporate entity he is suing, and identify that entity's state of incorporation and the state in which it maintains its principal place of business. Harlson has not done so, so his Second Amended Complaint fails to adequately plead diversity jurisdiction.

**2. Fourteenth Amendment Claim**

Harlson next alleges that GEICO violated his Fourteenth Amendment right to procedural due process by "Subject[ing] [Harlson] to Financial Damages or Losses," using "Coercion and Strong Arm Tactics," "engag[ing] in Insurance Fraud or Unfair Business Practices," and failing to honor the terms of Harlson's insurance policy (Dkt. 7 at 3). Actions for constitutional violations, asserted under Section 1983, "may only be maintained against defendants who act under color of state law," which is why "the defendants in § 1983 cases are usually government officials" and not private companies like GEICO. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010) (citing *Payton v. Rush–Presbyterian–St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir.1999)). "And although private persons may also be sued under § 1983 when they act under color of state law,

---

[2] https://egov.maryland.gov/BusinessExpress/EntitySearch

7

they may not be sued for 'merely private conduct, no matter how discriminatory or wrongful.'" *Id.* (internal citation omitted) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

To show that a private party acted "under color of state law," a plaintiff must establish two things. "First, the alleged deprivation of federal rights must have been caused by the exercise of a right or privilege created by the state, a rule of conduct imposed by the state, or someone for whom the state is responsible." *Id.* "Second, the private party must be a person who may fairly be said to be a state actor." *Id.* (citing *Am. Mfrs.*, 526 U.S. at 50).

Harlson argues that because citizens are often required to purchase certain types of insurance, like car insurance, insurance companies are "Intermediaries between Civilians and the Authoritarian Powers of both State and Federal Government" who "should be Seen as a Government Power or Arm of the Government" ([Dkt. 7 at 4](#)).

These allegations do not show that GEICO was acting "under color of state law" when it denied Harlson's claim. First, Harlson does not allege that GEICO's decision to deny his claim was the result of a state-created right, state-prescribed rule, or person for whom the state was responsible. At most, Harlson alleges that GEICO's actions were "private conduct that was not in keeping with state law." *London*, 600 F.3d at 746. "Misuse of state law by a private party, however, does not satisfy" the first requirement of establishing actions taken "under color of state law." *Id.*

Second, Harlson does not allege any facts suggesting that GEICO could be fairly described as a state actor. Harlson alleges only that GEICO sells insurance, which individuals are sometimes required by law to purchase (although not necessarily from GEICO). "[P]rivate insurers . . . will not be held to constitutional standards unless 'there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself.'" *Am. Mfrs.*, 526 U.S. at 52 (quoting *Jackson v. Metro. Edison Co.*, 419

U.S. 345, 351 (1974)). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Id.* The Second Amended Complaint does not allege any connection between GEICO and any state, other than the general allegation that GEICO offers to sell insurance to people, some of whom are required to purchase insurance in certain circumstances. That allegation does not fairly characterize GEICO as a state actor.

Harlson has not sufficiently alleged that GEICO acted "under color of state law," so he cannot assert a Section 1983 claim against GEICO for the violation of his Fourteenth Amendment due process rights. Therefore, Harlson has failed to adequately plead a federal claim that would create subject-matter jurisdiction over this action.

### 3. Allegations of Additional Damages

The remainder of new allegations elaborate on the alleged damages Harlson suffered because of the denial of his claim by GEICO. Harlson alleges that the claim denial has placed him at risk of losing his home and business, that he has had his identity stolen and received phone calls about "Claims Settlements," that he has chosen to delay production of a patented product until resolution of this action, and that he has suffered other financial and emotional damages. The severity of Harlson's damages, however, have no bearing on whether he has adequately stated a claim upon which relief may be granted. For the reasons explained above, Harlson has not adequately alleged diversity of citizenship between himself and GEICO, and he has not sufficiently alleged a federal claim for violation of his Fourteenth Amendment rights. This Court therefore lacks subject-matter jurisdiction over Harlson's claims, regardless of the damages he has suffered.

### E. Opportunity to Show Cause

The Court will allow Harlson a final opportunity to amend his pleading. Harlson is granted leave to file a Third Amended Complaint if he believes he can cure the defects in his Second Amended Complaint. Harlson shall have through **Friday, February 9, 2024**, by which to show

cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Harlson elects to file a third amended complaint, he should conform to the following guidelines: (a) the third amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. P. 8(a)(2)); (b) the third amended complaint must include a demand for the relief sought; (c) the third amended complaint must identify what legal injury Harlson claims to have suffered and what persons are responsible for each such legal injury; and (d) the third amended complaint must include the case number referenced in the caption of this Entry. The third amended complaint also should demonstrate that jurisdiction is proper in this Court.

If a third amended complaint is not filed by **Friday, February 9, 2024**, this action will be dismissed for the reasons stated above.

## **CONCLUSION**

For the foregoing reasons, Harlson's Motion to Seal ([Dkt. 8](Dkt. 8)) is **DENIED**. Further, having screened the Second Amended Complaint, the Court determines that Harlson shall have through and until **Friday, February 9, 2024**, to file a third amended complaint that alleges the basis for

the Court's assertion of subject-matter jurisdiction over this action and that complies with Federal Rule of Civil Procedure 8(a)(2).

If no amended complaint is filed by **February 9, 2024**, this action may be subject to dismissal for failing to state a claim upon which relief may be granted. If a Third (and final) Amended Complaint is filed, it will be screened before Defendant is required to respond.

**SO ORDERED**.

Date:   1/10/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

KENDALL HARLSON
1734 East 73rd Street
Indianapolis, IN 46240