UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KENDALL HARLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01965-TWP-MKK |
| | ) | |
| THE GOVERNMENT EMPLOYEES | ) | |
| INSURANCE COMPANY (GEICO), | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PENDING MOTIONS, DISMISSING ACTION,
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on *pro se* Plaintiff Kendall Harlson's ("Harlson") Motion for Hearing Before the Court (Dkt. 15) and Motion.Request to Seal (Dkt. 16). For the reasons explained below, the request to seal is **denied**, and the motion for hearing is treated as a Third Amended Complaint. In this Entry, the Court also screens the Third Amended Complaint and determines that Harlson has not shown cause why this case should not be dismissed for lack of subject-matter jurisdiction, and directs entry of final judgment.

### I.   DISCUSSION

Harlson initiated this action in federal court alleging Defendant the Government Employees Insurance Company ("GEICO") wrongfully denied his insurance claims, and that he suffered damages as a result. In the Entry of November 27, 2023, the Court granted Harlson leave to proceed *in forma pauperis* and screened Harlson's original Complaint. (Dkt. 5). Because it appeared that the parties were citizens of the same state and there was no federal question at issue, the Court found the Complaint was subject to dismissal for lack of subject-matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B). Harlson was granted an opportunity to amend his

Complaint by no later than December 22, 2023, and to show cause why this case should not be dismissed because of a lack of subject-matter jurisdiction. *Id.*

On December 22, 2023, Harlson filed an Amended Complaint. Then, on December 27, 2023—without leave of Court—Harlson filed a Second Amended Complaint and a motion to seal the first and second amended complaints (Dkt. 6; Dkt. 7). In the Entry of January 10, 2024, the Court screened the Second Amended Complaint, and explained that it still did not contain allegations supporting subject matter jurisdiction in this court (Dkt. 10). As to diversity jurisdiction, the Court explained that Harlson must allege more specific information about the GEICO entity he intends to sue for the Court to determine whether diversity jurisdiction exists. The Court identified several GEICO entities and explained "[t]he Court cannot know which of these entities Harlson means to name as Defendant." *Id.* The Court clarified, "[t]o adequately plead diversity of citizenship, Harlson must identify which corporate entity he is suing, and identify that entity's state of incorporation and the state in which it maintains its principal place of business." *Id.* at 7.

As to federal question jurisdiction, the Court explained that Harlson's claims alleging constitutional violations "may only be maintained against defendants who act under color of state law," and not private companies like GEICO. *Id.* at 7 (quoting *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010)). The Court explained in detail why Harlson's Second Amended Complaint failed to allege facts suggesting that GEICO could be described as a state actor. *Id.* at 7–8. Harlson was given "a final opportunity to amend his pleading," and granted leave to file a Third Amended Complaint no later than April 11, 2024, and to show cause why this case should not be dismissed because of a lack of subject-matter jurisdiction (Dkt. 10; Dkt. 13 (granting motion for extension of time); Dkt. 14 (granting second motion for extension of time)).

On April 11, 2024, Harlson filed the "Motion Requesting Hearing by the Court" ("Motion for Hearing") (Dkt. 15) and another "Motion. Request to Seal" ("Second Motion to Seal") (Dkt. 16). Despite being titled a "Motion Requesting Hearing," Harlson does not request any type of hearing in the sixteen-page motion. Rather, the motion restates and elaborates on the same allegations contained in Harlson's first three complaints. The Court therefore construes Harlson's "Motion Requesting a Hearing" as a Third Amended Complaint. The Court will screen the Third Amended Complaint and then address Harlson's Motion to Seal.

### A.     **The Third Amended Complaint**

The Third Amended Complaint (Dkt. 15), is similarly deficient and fails to address or cure the problems of Harlson's earlier complaints. Harlson alleges GEICO's "Primary Address" and "Primary Mailing Address," but he does not identify a specific GEICO entity as the defendant to this action, nor does he identify a state of incorporation or principal place of business for any such entity. Rather, Harlson continues to make allegations about GEICO's nationwide operations, which the Court has already held is insufficient to allege citizenship for purposes of diversity jurisdiction (Dkt. 10 at 6). The Third Amended Complaint also reasserts unsuccessful arguments that GEICO is a state actor for purposes of alleging constitutional claims.

The Third Amended Complaint newly alleges that Harlson previously sued GEICO in state court about the same denial of coverage at issue here, and appealed the decision in that case to the Indiana Court of Appeals (Dkt. 15 at 5).[1] It therefore appears that Harlson's claims are barred by the *Rooker-Feldman* doctrine, in addition to being subject to dismissal for failing to adequately plead subject-matter jurisdiction. The *Rooker-Feldman* doctrine derives from two decisions of the United States Supreme Court: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of*

---

[1] *Harlson v. Tech Motors, et al.*, No. 49K07-1907-SC-002715 (Washington Twp. Small Claims Ct. filed July 30, 2019); *Harlson v. Tech Motors, et al.*, No. 20A-SC-00745 (Ind. Ct. App. Filed Mar. 26, 2020).

3

*Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). According to this doctrine, lower federal courts are precluded from exercising jurisdiction over claims seeking review of state court judgments or over claims "inextricably intertwined" with state court determinations. *See, e.g., Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). "The *Rooker-Feldman* doctrine precludes federal jurisdiction over these claims because, no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). To the extent Harlson seeks to challenge the state court's disposition of his earlier claims against GEICO, the federal court lacks jurisdiction over his claims.

For these reasons, the Third Amended Complaint fails to establish this Court's subject-matter jurisdiction over this action, and this case must be **dismissed**.

**B.**    **Motion to Seal**

In his Motion to Seal, Harlson asks the Court to seal "All Aspects of the Business Compensation or Proceeds from the Business Revenue, Related to this Case" (Dkt. 16 at 1). Motions to file under seal are governed by Local Rule 5-11, which requires that the motion be accompanied by a brief in support including:

(1)    identification of each specific document or portion(s) thereof that the party contends should remain under seal;

(2)    the reasons demonstrating good cause to maintain the document, or portion(s) thereof, under seal including:

(A)    why less restrictive alternatives to sealing, such as redaction, will not afford adequate protection;

(B)    how the document satisfies applicable authority to maintain it under seal; and

4

    (C)  why the document should be kept sealed from the public despite its relevance or materiality to resolution of the matter;

 (3)  a statement as to whether maintenance of the document under seal is opposed by any party; and

 (4)  a proposed order as an attachment.

Although Harlson did not submit a brief which addressed the sealing criteria, he explains in the motion that information in this case should be sealed for a variety of reasons. Those reasons include that "it would be potentially Detrimental to the Economic Status and Future of the Plaintiff," that he has experienced financial setbacks, that he has been the victim of identity theft and consumer fraud, and that he may again become a victim of theft or fraud (Dkt. 16 at 1–3).

The Court expresses great empathy for the setbacks and challenges Harlson has experienced, including his recent illness and continued stress. However, the Motion to Seal does not identify the specific document or portion(s) thereof that he requests remain under seal, or any proper grounds for maintaining any filing in this case under seal. The Seventh Circuit Court of Appeals has explained that it is not enough that a party prefers to keep his personal, business, and financial information private. "What happens in the federal courts is presumptively open to public scrutiny. Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification. The Supreme Court issues public opinions in all cases, even those said to involve state secrets." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *overruled in part on other grounds by RTP LLC v. Orix Real Estate Capital, Inc.*, 827 F.3d 689, 692 (7th Cir. 2016). Harlson has not identified good cause for maintaining any filings in this action under seal, so his request to seal this action (Dkt. 16) must be **denied**.

## II. CONCLUSION

The Court gave notice to Harlson regarding the jurisdictional deficiencies of his original Complaint and provided him with two opportunities to respond. *See Aljabri v. Holder*, 745 F.3d 816, 819 (7th Cir. 2014). Because Harlson has failed to cure the deficiencies of his initial Complaint, for the reasons discussed in the Court's first two screening Entries (Dkt. 5; Dkt. 10) and for the reasons discussed in this Entry, this action is **dismissed for lack of jurisdiction**. *See* 28 U.S.C. § 1915(e)(2)(B).

The **Clerk is directed** to change the docket text for Dkt. 15 from "Motion for Hearing" to "Third Amended Complaint."

For the reasons stated above, Harlson's Motion to Seal (Dkt. 16) is **DENIED**.

Final judgment consistent with this Entry will issue in a separate order.

**SO ORDERED**.

Date: 4/24/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

KENDALL HARLSON
1734 East 73rd Street
Indianapolis, IN 46240